UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WANDA BURNETTE,

                            Plaintiff,                    No. 24-cv-2003(CS)

      -against-                            **STIPULATION AND**
                                                          **PROTECTIVE ORDER**
ELDRED CENTRAL SCHOOL DISTRICT, JOHN
MORGANO, MELISSA MULLER, and TRACI A.
FERREIRA

                            Defendants.
------------------------------------------------------------------X

       **WHEREAS**, the Plaintiff, WANDA BURNETTE ("Plaintiff") and Defendants the ELDRED CENTRAL SCHOOL DISTRICT (the "District"), JOHN MORGANO ("Morgano"), MELISSA MULLER ("Muller"), and TRACI A. FERREIRA ("Ferreira") (collectively, "Defendants"), may make demands of each other in the course of discovery for certain documents and/or information that the parties consider to be confidential, including but not limited to: disciplinary and/or educational and/or student records, and/or information pertaining to the discipline and/or education of current and/or former District students;

       **IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the Plaintiff and Defendants in this action, that the following provisions shall govern the exchange of confidential information in this matter:

       1.    Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to

1

collectively as "Confidential Information." The "CONFIDENTIAL" stamp shall be applied in such a manner that will not interfere with legibility or audibility.

2. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court in accordance with the Court's individual rules regarding the resolution of discovery disputes. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions;

    d. Subject to the condition set forth in Paragraph 6 below: consulting or retained experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

    f. The Defendants' insurance company, including New York Schools Insurance Reciprocal.

  5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

    a. inform the person of the confidential nature of the information or documents;

    b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

  6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

  7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein prior to trial. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

  8. Any party seeking to file Confidential Information with the Court under seal must follow the Court's individual rules and the NextGen CM/ECF User's Guide for filing documents under seal. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court under seal, shall be kept under seal until further order of the Court. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

10. This Stipulation may be executed in multiple counterparts.

11. Nothing in this Order will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such party gives written notice to the producing party as soon as reasonably practical but no later than 10 days before any disclosure. Upon receiving such notice, the producing party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing party deems it appropriate to do so.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other applicable privilege, pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the inadvertently disclosed information and its subject matter.

13. If a producing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the inadvertently disclosed information, and provide certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such inadvertently disclosed information has been returned or destroyed, the producing party shall produce a privilege log with respect to the inadvertently disclosed information.

15. In the event that the receiving party challenges the producing party's claim of privilege or attorney work product, the receiving party may move the Court for an order compelling production of the inadvertently disclosed information in accordance with the Court's individual rules for resolving discovery disputes. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing that the inadvertently disclosed information is privileged or attorney work product. Nothing in this Order shall limit the right of any part to request an *in camera review* of the inadvertently disclosed information.

17. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: June 12, 2024

SUSSMAN & GOLDMAN

By: _____
Michael H. Sussman
Attorneys for Plaintiff
1 Railroad Avenue, Third Floor
Goshen, New York 10924
(845) 294-3991
Sussman1@sussman.law

Dated: June 12, 2024

SILVERMAN & ASSOCIATES

By: _____
Deanna L. Collins
Attorneys for Defendants
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
(914) 574-4510
DCollins@silvermanandassociatesny.com

SO ORDERED.        06/12/24

_____
CATHY SEIBEL, U.S.D.J.

## **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Burnette v. Eldred Central School District*, 24-cv-2003 (SDNY) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____  DATED: _____

Signed in the presence of:

_____

(Notary Public)